1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAMETRE MACON,

               Plaintiff,

    v.

UNITED PARCEL SERVICE, INC.,

               Defendant.

CASE NO. C12-260 RAJ

ORDER

## I.   INTRODUCTION

The court has before it two contested motions, Dkt. ## 30, 36, and one unopposed motion to seal, Dkt. # 58.  Defendant United Parcel Service, Inc. ("Defendant") seeks an order compelling Plaintiff Dametre Macon ("Plaintiff") "to comply in full with her discovery obligations pursuant to the Federal Rules of Civil Procedure."  Dkt. # 30 at 1. Plaintiff opposes the motion.  Dkt. # 32.  In the second motion (which the court will address first), Plaintiff seeks an order limiting the production and disclosure of her medical records, an order quashing subpoenas for "depositions"[1] set after the discovery cut-off date, and a 21-day extension of the deadline by which the parties must file

---

[1] The court notes that the subpoenas at issue are for documents, not depositions.  Dkt. # 37 at 5–29.

ORDER- 1

discovery-related motions.  Dkt. # 36 at 1–2.  Defendant opposes the motion.  Dkt. # 43.

Finally, Plaintiff seeks an order sealing previously filed documents.  Dkt. # 58.  She

asserts that this motion is uncontested.  *Id.* at 1.  Having reviewed the parties' briefing

and the record herein, the court GRANTS in part and DENIES in part Plaintiff's and

Defendant's contested motions.  The court GRANTS Plaintiff's motion to seal.

## II. BACKGROUND

Plaintiff filed her complaint in state court on December 27, 2011.  Dkt. # 1 at 9.

On February 12, 2012, Defendant removed the case to federal court.  *Id.* at 1.  Defendant

filed a motion to dismiss on February 22nd.  Dkt. # 9.  Plaintiff then filed an amended

complaint, and Defendant withdrew its motion.  Dkt. ## 13, 16.  Defendant filed a new

motion to dismiss on March 26th.  Dkt. # 17.  On May 24th the court entered a

scheduling order, setting the discovery cutoff date as February 4, 2013.  Dkt. # 25.  On

November 5, 2012, the court ruled on Defendant's motion to dismiss.  Dkt. # 26.

Plaintiff subsequently filed a second amended complaint on December 5, 2012,

setting forth her remaining claims for disparate treatment based on her disability, failure

to accommodate her disability, gender discrimination, retaliation, and wrongful

termination.[2]  Dkt. # 28.  Plaintiff asserts that she "served just under four years in the

United States Army, including a tour in Iraq," and that "[a]s a result of [her] service in

Iraq, she suffers from post-traumatic stress disorder ["PTSD"] and depression."  *Id.* ¶ 6–

7.  In the opinion of one of her expert witnesses, Plaintiff also suffers from circadian

rhythm sleep disorder.  Dkt. # 40 at 6.  Relevant to the instant motions, Plaintiff alleges

that Defendant discriminated against her due to these disabilities, and she seeks damages

for emotional distress and suffering.  Dkt. # 28 at 7–9, 14.

The same day Plaintiff filed her second amended complaint, Defendant served its

---

[2] On March 4, 2013, Plaintiff stipulated to the dismissal of her gender discrimination and
retaliation claims.  Dkt. # 48.  On March 11th, the court dismissed those claims with prejudice.
Dkt. # 59.

first set of discovery requests.  Dkt. # 44 at 7.  Defendant's requests included medical releases for Plaintiff to sign.  *Id.*  On December 13th Defendant again requested, via email, the executed medical releases.  Dkt. # 38 at 29.  Defendant contends that it got no response to this email request.  Dkt. # 43 at 3.  Defendant sent a second follow-up request for the releases on December 23rd.  Dkt. # 44 at 9.  On January 2, 2013, Plaintiff emailed Defendant to request a 10-day extension (to January 15th) to answer Defendant's interrogatories.  Dkt. # 38 at 36.  Defendant indicated that it was hesitant to agree to a full ten days given that the medical releases remained outstanding, but that it may be comfortable with a shorter extension.  *Id.*  Defendant requested the status of the releases.  *Id.*

On January 4th Plaintiff responded to the discovery requests, objecting to them all, and producing no documents.  *Id.* at 37–42.  On January 9th, Defendant again emailed Plaintiff and expressed concern about not having received the releases.  *Id.* at 45.  Defendant requested that the parties meet and confer.  *Id.*  Plaintiff's response did not address the releases.  *Id.*  On January 14th the parties conferred telephonically, at which time Plaintiff's counsel indicated that he would respond to Defendant's discovery requests by January 16th.  Dkt. # 31 ¶ 12.  On January 16th at 5:15pm Defendant again emailed Plaintiff, stating that he would need the medical records "well in advance of" the February 2nd deposition of Plaintiff's expert witness Dr. O'Neal.  Dkt. # 44 at 10.  Plaintiff's counsel responded early in the morning on January 17th, stating that he needed to "revise the med stips, get it signed and then try and get the med records office to release."  *Id.*  He asked for a copy of the releases in Word format, which Defendant provided two hours later.  *Id.* at 10–12.

Later in the morning on January 17th, the last day for the parties to file discovery motions, Plaintiff finally produced 41 pages of documents in response to Defendant's discovery requests.  Dkt. # 30 at 2.  In her responses, Plaintiff stated that she had been placed on full disability in May 2010.  Dkt. # 44 at 17.  She identified four medical

1   providers she had consulted since January 1, 2008.  *Id.* at 22.  However, she did not

2   produce any medical records or releases.  Dkt. # 30 at 2.  Defendant filed a motion to

3   compel discovery.  Dkt. # 30.

4           On January 22nd, Plaintiff finally provided Defendant with a draft, unsigned

5   medical release limiting the scope of Plaintiff's medical records to only mental health for

6   the years 2006–2012.  Dkt. # 43 at 4.  Defendant found this limitation unacceptable,

7   given that it excluded physical health records, and excluded the years of Plaintiff's

8   military service (the alleged cause of her PTSD).  *Id.*  Therefore, on January 23rd,

9   Defendant issued 14-day notices of intent to subpoena medical records to Plaintiff's

10  healthcare providers.[3]  *Id.*  Plaintiff's motion also contains copies of subpoenas that

11  Defendant purportedly issued to Aetna and Pima Medical Institute, dated January 25th.

12  Dkt. # 37 at 24, 29.  The subpoenas required production of records by February 8th.  *Id.*

13          The morning of February 4th (the date originally scheduled for Plaintiff's

14  deposition) Plaintiff supplemented her initial disclosures.  Dkt. # 44 at 4 (¶ 11).  She

15  provided Defendant with documentation from the Department of Veterans Affairs

16  ("VA"), dated February 16, 2006, stating that Plaintiff's PTSD is not related to her

17  military service.  *Id.* at 4 (¶ 11), 35.  The next day, the parties conducted Plaintiff's

18  deposition.  *Id.* at 4 (¶ 12).  Plaintiff testified that she suffers from migraine headaches,

19  major depression, circadian sleep disorder, PTSD, and that she has had two surgeries on

20  her feet.  *Id.* at 4–5 (¶ 13).  She testified that the VA currently classifies her as fully

21  disabled.  *Id.*

22          Plaintiff now seeks an order limiting the scope of the medical records Defendant

23  may seek; a protective order; an order quashing the subpoenas with production dates after

24  _____

25          [3] Washington law requires a party seeking medical records to issue a notice of intent to
26  serve a subpoena no less than 14 days prior to serving the actual subpoena, thus giving the health
    care provider time to seek a protective order for the requested information if necessary.  *See*
27  RCW 70.02.060(1).

1   the discovery cutoff date; and, finally, an extension of the discovery motion deadline.

2   Dkt. # 36 at 1–2.  Defendant seeks an order compelling Plaintiff to provide complete

3   discovery responses and responsive documents, including medical records.  Dkt. # 30-1

4   at 1.

5                                     **III. ANALYSIS**

6   **A.   Medical Records**

7           Plaintiff argues that Defendant improperly "seeks discovery of ALL of Plaintiff's

8   medical history, relevant or not, related or not."  *Id.* at 3.  She concedes that information

9   related to her alleged disability and emotional damages is discoverable, but contends that

10  Defendant's requests go too far.  *See id.*  Plaintiff asks that this court "find that disclosure

11  of some records in the plaintiff's medical history may be warranted."  Dkt. # 45 at 5.  She

12  does not specify which records she believes are appropriate, though Defendant notes that

13  Plaintiff previously drafted a release limiting disclosure to mental health records for

14  2006–2012.  Dkt. # 44 at 4 (¶ 9).

15          Defendant argues that Plaintiff has put both her physical and mental health at

16  issue, having identified numerous physical and mental maladies from which she suffers.

17  Dkt. # 43 at 7–8.  Defendant argues that these physical and mental conditions are

18  "relevant to determining whether plaintiff has a disability, the extent of her physical or

19  mental limitations, the true cause(s) and extent of plaintiff's alleged emotional distress,

20  whether plaintiff could perform the essential functions of her job at UPS, whether

21  plaintiff can even work at all (which goes to her failure to mitigate damages), and to

22  evaluating the testimony of her alleged 'expert' treating physicians."  *Id.* at 2.

23  Additionally, Defendant argues that its request is sufficiently narrow, as it is limited to

24  providers from whom Plaintiff has sought treatment since the beginning of 2008, the year

25  she began her leave of absence from UPS.  *Id.*

26          Ordinarily, records such as those that Defendant seeks are protected by the

27  physician/psychotherapist-patient privilege.  *See Lodis v. Corbis Holdings, Inc.*, 292 P.3d

779, 790 (Wash. App. 2013).  However, where a plaintiff has put her physical and mental health at issue by stating claims relating to a disability, and requesting damages for emotional distress, fairness dictates that the defendant be allowed to access the relevant records.  *See E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 400 (E.D. Cal. 2009) ("To protect the records would allow Plaintiff to proceed with a claim on unequal terms.").  Additionally, courts construe the scope of discovery broadly.  *Id.* (citation omitted).  Of course, this does not mean that a defendant should be given unfettered access to a plaintiff's medical history.  *See, e.g., E.E.O.C. v. Serramonte*, 237 F.R.D. 220, 222 (N.D. Cal. 2006) (quashing defendant's subpoenas seeking plaintiff's medical records "dating back to her childhood").

Here, the court finds that Plaintiff has waived the physician/psychotherapist-patient privilege with regard to relevant physical and mental health records.  *See Lodis*, 292 P.3d at 791.[4]  However, Plaintiff has not put her entire medical profile at issue in this case, and thus the court finds that Defendant's requests for "[a]ll medical records" from all providers Plaintiff has seen since 2008 are overly broad.  Regrettably, Plaintiff offers no concrete proposal as to what the limitations should be.  *See* Dkt. # 36 at 8–9. Regardless, the court is bound by *Lodis*.  The court finds that Defendant is entitled to records relating to the health conditions that Plaintiff has put at issue: PTSD, depression, and circadian rhythm sleep disorder.  Additionally, Defendant is entitled to any records relevant to Plaintiff's claim for emotional distress.  *See Lodis*, 292 P.3d at 791 ("When

---

[4] The Court of Appeals issued the *Lodis* opinion on January 14, 2013, and Defendant brought the case to Plaintiff's attention on January 18th. 292 P.2d 779; Dkt. # 44 at 31.  Yet Plaintiff fails to cite *Lodis* in her motion (filed January 31st).  *See* RPC 3.3(a)(2) ("A lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel.").  The court is also troubled by the casual nature with which the parties seem to misconstrue each other's arguments and/or statements.  *See, e.g.*, Dkt. # 43 at 6:36–40, 8:13–17; Dkt. # 45 at 2–3.  The court reminds the parties of their duty of candor to the tribunal, and expects the parties to act professionally and in conformance with their ethical obligations.

ORDER- 6

1    Lodis made a claim for emotional harm damages, he waived his psychologist-patient
2    privilege, and the records related to his mental health became discoverable.").  The court
3    expects that Plaintiff's arguments regarding her disability and claim for damages will be
4    limited to these conditions.  Finally, Defendant is entitled to any medical records relevant
5    to Plaintiff's ability to secure employment and mitigate damages.  The court notes that,
6    should Plaintiff fail to disclose any relevant records, it may take appropriate steps as
7    required.  *See, e.g.*, *Lodis*, 292 P.2d at 791 ("Because [Lodis] refused to allow discovery
8    of [his relevant mental health] records, the trial court did not abuse its discretion in
9    striking his claim for emotional harm damages.").  The court therefore GRANTS in part
10   Plaintiff's motion to limit Defendant's outstanding requests for medical records.
11   **B.   Protective Order**
12          Plaintiff next asks that this court enter a protective order requiring Defendant to
13   keep the produced medical records confidential.  Dkt. # 36 at 1.  Plaintiff argues that
14   "[Defendant] wishes to prevent the Plaintiff from having protection for her confidential
15   medical records," and that "[Defendant] also argues . . . that [it] should be free to do as it
16   please[s] with [the medical] records."  Dkt. # 45 at 2–3.  This argument is disingenuous
17   and a misstatement of the facts.  Defendant contends—and Plaintiff does not dispute—
18   that on December 5, 2012, Defendant submitted a proposed protective order with its
19   discovery requests.  *See* Dkt. ## 43 at 10–11; 44 at 7.  While Plaintiff may have disagreed
20   with the content of the proposed order, there is no basis for the assertion that Defendant
21   seeks to "do as it pleases" with the medical records.  Defendant has indicated its
22   willingness to enter into a protective order for the medical records.  *See* Dkt. # 43 at 11.
23   The court therefore GRANTS the motion for a protective order.
24   **C. Defendant's Outstanding Subpoenas**
25          Plaintiff asks that this court quash the outstanding subpoenas and notices of intent
26   to subpoena issued by Defendant, which require production of documents beyond the
27   discovery cutoff date.  Dkt. # 36 at 3, 11.  Plaintiff argues that "[Defendant] had 10

months to issue subpoenas and failed to do so," and therefore "should be precluded from seeking additional discovery." *Id.* at 11.  The subpoenas and notices Defendant issued request the medical records that Defendant sought to obtain from Plaintiff via the executed medical releases.  *See* Dkt. # 43 at 3–4.  As detailed above, Defendant first requested that Plaintiff sign these releases on December 5, 2012, and made numerous follow-up requests thereafter.  Throughout their many communications, Plaintiff never indicated that she would refuse to sign the releases.  It was not until January 22, 2013, that she offered a modified release—one that was substantially different from that which Defendant had provided weeks earlier.  Dkt. # 44 at 4 (¶ 9).  Plaintiff now faults Defendant for waiting until so close to the discovery cutoff date to begin issuing notices and subpoenas.  Dkt. # 36 at 11.

While the more cautious practice may have been for Defendant to issue the notices and subpoenas at an earlier date, the record indicates that its failure to do so was predicated on a good faith belief that Plaintiff would cooperate with Defendant.[5]  The court therefore DENIES Plaintiff's motion to quash the outstanding subpoenas.

**D. Extension of Discovery Motions Deadline**

Finally, Plaintiff seeks an extension of the deadline by which the parties must file discovery-related motions. Dkt. # 36 at 2.  Defendant opposes this motion. Dkt. # 43 at 10.  The court finds that an extension is warranted, in order to allow the parties time to address any additional discovery issues that may arise now that the court has ruled on the medical records.  This is not an invitation to file more discovery motions, and the court stresses that the parties should attempt to resolve any remaining discovery disputes extrajudicially.  Nonetheless, the court hereby GRANTS Plaintiff's motion to extend the discovery-motion deadline.

---

[5] Plaintiff places great weight on the fact that Defendant did not serve its initial discovery requests until two months before the cutoff date, but then concedes that it did not serve its own requests until 32 days before the deadline. Dkt. ## 36 at 4; 45 at 6.

**E.  Defendant's Motion to Compel**

Defendant contends that Plaintiff's discovery responses were incomplete, and that Plaintiff has not provided "[m]edical records, executed medical releases, and deposition dates for at least one of plaintiff's purported expert witnesses." Dkt. # 30 at 2.  However, it appears that Plaintiff has provided further information to Defendant since the time that Defendant filed its motion, and that the parties have come to an agreement regarding the depositions of Plaintiff's experts.  *See, e.g.*, Dkt. ## 36 at 5 (discussing depositions of experts); 43 at 4 ("On February 4 . . . [P]laintiff supplemented her initial disclosures."). Additionally, the court has just found that Defendant is entitled to the medical records. Therefore, it is unclear to the court what dispute remains regarding incomplete discovery answers or document production.  Accordingly, the court DENIES Defendant's motion to compel at this time.  The court will extend the deadline by which the parties may file discovery-related motions, and thus the parties may renew their motions should any discovery issues remain outstanding.  However, the court again reminds the parties that they should aggressively attempt to resolve any remaining issues prior to bringing their motions.  *See* W.D. Wash. Local Civ. R. 11(c), 37(a)(1).  The court expects both parties to comply fully with their discovery obligations pursuant to the Federal and Local Rules of Civil Procedure.

**F.  Plaintiff's (unopposed) Motion to Seal**

On March 6, 2013, Plaintiff filed a motion to seal her medical records, which were attached to a declaration she filed on March 5th.  Dkt. # 58.  Plaintiff has failed to comply with this district's local rules, which permit a party to file documents under seal while simultaneously filing a motion to seal, thereby ensuring that the documents will be kept under seal until the court rules on the motion.  *See* W.D. Wash. L. Civ. R. 5(g)(2).  Thus, the documents that Plaintiff contends are "extremely private medical information" have been available to the public since March 5th.  *See* Dkt. ## 57-1, 58 at 2.  However, Plaintiff represents to this court that her motion is unopposed, and, given the private

1   nature of the documents at issue, the court finds it appropriate to seal them now rather
2   than wait until March 15th, the date for which Plaintiff noted her motion.  The court
3   therefore GRANTS Plaintiff's motion to seal.  In future filings, the court expects the
4   parties to follow all applicable rules, including Local Civil Rule 5(g).

5                                    **IV. CONCLUSION**

6          For all of the foregoing reasons, the court GRANTS in part and DENIES in part
7   Plaintiff's and Defendant's motions as follows:  Plaintiff's motion to limit the scope of
8   the medical records sought by Defendant is GRANTED in part consistent with this order.
9   Plaintiff's motion for a protective order is GRANTED.  The parties are ORDERED to
10  enter a protective order pursuant to W.D. Wash. L. Civ. R. 26(c) within five days of this
11  order.  Plaintiff's motion to quash Defendant's outstanding subpoenas for medical
12  records is DENIED.  Plaintiff's motion for an extension of the discovery-motion deadline
13  is GRANTED.  Defendant's motion to compel is DENIED, without prejudice.  Plaintiff's
14  motion to seal is GRANTED.

15         To allow sufficient time for the parties and to accommodate the court's schedule,
16  the court DIRECTS the clerk of court to enter an amended case schedule as follows:

17         1. Outstanding fact discovery (including production of documents) must be
18            completed by March 29, 2013.

19         2. Motions to compel must be filed by April 18, 2013, and noted for May 3, 2013.

20         3. Dispositive motions must be filed by June 27, 2013, and noted for July 26,
21            2013.

22         4. Trial is to be continued to November 12, 2013.

23         The court DIRECTS the clerk of court to STRIKE the motions for summary
24  judgment filed at Dkt. ## 49, 55.  The parties may re-file dispositive motions in
25  accordance with the amended case schedule.

26         The court DIRECTS the clerk of court to SEAL Dkt. # 57-1.

27

1    Dated this 12th day of March, 2013.

2

3    _____

4    The Honorable Richard A. Jones
     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27